FULLER BROTHERS, INC., Plaintiff,

v.

INTERNATIONAL MARKETING, INC.
and U.S. Technology Corporation,
Defendants.

INTERNATIONAL MARKETING,
INC. Counterclaim Plaintiff,

v.

FULLER BROTHERS, INC. and Craig
Fuller, Counterclaim Defendants.

Civil No. 93–1105–FR.

United States District Court,
D. Oregon.

June 6, 1996.

Randolph C. Foster, Joseph D. Cohen, Stoel Rives LLP, Portland, Oregon, for Plaintiff/Counterclaim Defendants Fuller Brothers, Inc. and Craig Fuller.

James M. Callahan, Callahan & Shears, P.C., Portland, Oregon, Bruce H. Wilson, Kenneth A. Godlewski, Oldham, Oldham & Wilson Co., LPA, Akron, Ohio, for Defen-

dant/Counterclaim Plaintiff International Marketing, Inc.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of the defendant/counterclaim plaintiff, International Marketing Inc., for summary judgment (# 168).

## BACKGROUND

The plaintiff/counterclaim defendant, Fuller Brothers, Inc. (Fuller Brothers), manufactures, sells and distributes "Tire Life," a liquid formula that extends the life of truck tires when it is placed inside the tires at the time that they are mounted.

The defendant/counterclaim plaintiff, International Marketing, Inc. (International Marketing), manufactures, sells and distributes "Equal," a dry, powder-like formula that reduces vibration and eliminates radial and lateral force variation when it is placed inside the tires during the balancing part of the wheel-assembly procedure.

Although Tire Life and Equal do not perform the same function, Tire Life and Equal cannot be used together in a truck tire. In other words, Tire Life and Equal cannot be used in combination to extend the life of truck tires and to reduce vibration and eliminate radial and lateral force variation.

In April of 1993, Fuller Brothers (Tire Life) filed a complaint against International Marketing (Equal) with the Regional Office of the Occupational Safety and Health Administration (OSHA) in Harrisburg, Pennsylvania. In the complaint filed with OSHA, Fuller Brothers asserted that Equal releases formaldehyde which creates a health hazard to workers removing tires from vehicles for repair or replacement because the component of inert urea formaldehyde in Equal continuously breaks down, emitting formaldehyde at levels far greater than 0.1 parts per million.

In August of 1993, Fuller Brothers mailed packets of information to the tire industry, including past and future potential customers of International Marketing. The information included the words, "**Equal = Formalde-**

**hyde**" (Exhibit C to Concise Statement of Facts in Support of IMI's Motion for Summary Judgment, p. 1); and the sentence, "According to OSHA standards, Equal is a hazardous, potentially carcinogenic product that is regulated under 40 pages of OSHA rules and regulations" (*Id.* at 2); and the language, "IMI has been distributing false and misleading MSDS and product safety information" (*Id.* at Exhibit E, p. 1).

On September 7, 1993, Fuller Brothers filed its complaint against International Marketing alleging a claim for the intentional interference with economic advantage. International Marketing filed an answer to Fuller Brothers' complaint and counterclaims alleging that Fuller Brothers violated the Lanham Act, libeled International Marketing, and tortiously interfered with the business of International Marketing.

On July 14, 1994, this court granted the motion of International Marketing for partial summary judgment on the claim of Fuller Brothers for the intentional interference with economic advantage.

On September 30, 1994, Fuller Brothers filed a first amended complaint alleging claims for relief under the Lanham Act, a claim for the violation of unfair and deceptive business practices under applicable state laws, and a claim for the intentional interference with economic advantage.

On December 21, 1994, this court granted the motion of International Marketing to dismiss the claim of Fuller Brothers under the Lanham Act ruling that recovery under Section 43(a) of the Lanham Act is confined to injury to competitors; that the product of Fuller Brothers and the product of International Marketing do not perform the same functions; and that Fuller Brothers cannot maintain an action under Section 43(a) of the Lanham Act. This court also ruled in its opinion of December 21, 1994 that Fuller Brothers' second claim for relief in its first amended complaint, which is a claim for relief under "applicable state statutes," does not adequately state a claim for relief.

On March 22, 1995, this court granted leave to Fuller Brothers to file a second amended complaint in order to cure the specificity problem found by the court in Fuller Brothers' first amended complaint.

## CONTENTIONS OF THE PARTIES

International Marketing contends that it is entitled to summary judgment on each of Fuller Brothers' consumer protection claims under fourteen state statutes because (1) Fuller Brothers does not have standing to assert the claims in its remaining counts; (2) Fuller Brothers has suffered no injury since it is neither a consumer nor a competitor of International Marketing; (3) International Marketing's product, Equal, is not a consumer product; and (4) Fuller Brothers has no evidence to support the allegations in its second amended complaint.

International Marketing also contends that it is entitled to summary judgment on its common law counterclaims of disparagement, trade libel, and the intentional interference with business claims.

Fuller Brothers contends that International Marketing is not entitled to summary judgment on its state law claims because (1) Equal is a consumer product; and (2) Fuller Brothers does meet the state standing requirements.

Finally, Fuller Brothers contends that International Marketing cannot prevail on any element of its claims of disparagement, trade libel, and the intentional interference with business claims, and therefore is not entitled to summary judgment.

## APPLICABLE STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact.

Once the initial burden of the moving party is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The non-moving party must make a sufficient showing on all essential elements of the case with respect to which the non-moving party has the burden of proof. *Id.*

The decision faced by the court is essentially the same decision faced by a court on a motion for a directed verdict—that is, whether the evidence on the motion for summary judgment presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the conclusions drawn from the evidence in the record, the motion for summary judgment should be denied. *Id.*

## ANALYSIS AND DISCUSSION

1. *International Marketing's Motion for Summary Judgment on the Remaining Claims in Fuller Brothers' Second Amended Complaint*

The remaining claims, 2 through 16, of the second amended complaint filed by Fuller Brothers are brought under various consumer protection statutes from the States of California, Colorado, Florida, Georgia, Hawaii, Illinois, Indiana, Michigan, Minnesota, Nebraska, New Mexico, Ohio and Washington. International Marketing contends that Fuller Brothers does not have standing to invoke the state law protections for consumer goods under the facts in this case. International Marketing contends that its product, Equal, is not a consumer product, and that Fuller Brothers has suffered no injury from its product because Fuller Brothers is neither a consumer nor a competitor with respect to the Equal product.

Fuller Brothers concedes that International Marketing's motion for summary judgment should be granted as to claim 7 under the Hawaii Uniform Deceptive Trade Practices Act, but contests International Marketing's motion for summary judgment under the remaining state law claims. Fuller Brothers contends that Equal is a consumer product, and that Fuller Brothers need not demonstrate any injury to maintain these actions.

Standing is "an indispensable part of the plaintiff's case," and "the party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). It

has been established that "the irreducible constitutional minimum of standing contains three elements." *Id.* These elements are:

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* (citations omitted).

■ Fuller Brothers does not have a product which competes with International Marketing's product, Equal. Fuller Brothers is not a consumer of International Marketing's product, Equal. Fuller Brothers has not come forth with any evidence which would show how it was injured by the marketing of International Marketing's product, Equal. Fuller Brothers contends, however, that it need not be injured to bring an action under the state statutes cited in its second amended complaint.

Some showing of an "injury in fact" is required to meet the standing requirements for an action in this court. In addition, in its second amended complaint, Fuller Brothers alleges that "[t]his court [has] subject-matter jurisdiction under 28 U.S.C. § 1332, in that this is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs." *Id.* at 2. This court declines to adopt the position of Fuller Brothers that it need not show any injury, and the state statutes relied upon by Fuller Brothers do not provide a federal forum for Fuller Brothers to challenge International Marketing's product, Equal.

International Marketing is entitled to summary judgment on claims 2 through 16 as alleged in Fuller Brothers' second amended complaint.

### 2. *International Marketing's Motion for Summary Judgment on its Remaining Counterclaims*

International Marketing argues that it is entitled to summary judgment on its common law counterclaims for disparagement, trade libel, and the intentional interference with business. International Marketing contends that, as a matter of law (1) Fuller Brothers published harmful false statements; (2) Fuller Brothers intended to harm International Marketing with these false statements; (3) Fuller Brothers had knowledge of the falsity of the statements or acted with reckless disregard of the truth; and (4) International Marketing suffered loss as a result of those false statements.

Fuller Brothers contends that (1) the statements made by Fuller Brothers were true; (2) the statements were intended to protect the public interest and not intended to harm International Marketing; (3) the statements were made in good faith; and (4) there is no evidence as to any loss by International Marketing as a result of the statements made by Fuller Brothers.

■ The parties agree that in order to prevail on its common law counterclaims, International Marketing must establish (1) a publication of a harmful, false statement; (2) made with the intent to harm another's interest; (3) made with knowledge of its falsity or reckless disregard for the truth; and (4) resulting in a measurable loss. This court cannot find as a matter of law that International Marketing is entitled to summary judgment on its counter-claims based upon the record before it.

### CONCLUSION

The motion of International Marketing for summary judgment (# 168) is granted as to claims 2 through 16 of Fuller Brothers' second amended complaint and denied as to the counterclaims brought by International Marketing.